WO **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herlindo Fuentes-Ramos, | No. CV 06-2803-PHX-SMM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. # 6). Plaintiff filed a response (Doc. # 9) and was provided additional time to file a supplemental response. Plaintiff filed a supplemental response on June 1, 2007 (Doc. # 16) and Defendant replied in support of his motion (Doc. # 17). The Court will grant Defendant's motion and terminate this action.

**I.     Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Defendant Joseph Arpaio alleging that Plaintiff's constitutional rights were violated by (1) overcrowding, (2) unsanitary conditions, and (3) insufficient and spoiled meals at the Towers Jail (Doc. # 1 at 4-6). Defendant Arpaio was ordered to answer the Complaint and he subsequently filed a Motion to Dismiss on the ground that Plaintiff failed to exhaust his administrative remedies (Doc. ## 3, 6). In support of his motion, Defendant submitted (1) an affidavit of Inmate Hearing Sergeant Susan Fisher, (2) the Maricopa County Sheriff's Office's Inmate Grievance Procedures, (3) excerpts from

the Rules and Regulations for Inmates, (4) an Inmate Grievance Form, and (5) a copy of a grievance Plaintiff filed (Doc. # 6, Ex. 1, Attachs. A-D).

## II.  Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing this action.  See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  He must complete the administrative review process in accordance with the applicable rules.  See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006).  Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Further, a court has broad discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III.  Analysis

Plaintiff brought a Complaint claiming that the Towers Jail was severely overcrowded and unsanitary and that Plaintiff received insufficient and spoiled meals  (Doc. # 1 at 4-6).  In his Complaint, Plaintiff acknowledged that a grievance system existed at the Jail and that he failed to exhaust his administrative remedies as to his claims (id.). Rather, Plaintiff claimed on the face of his Complaint that his claims were not grievable issues (id.).

In support of his motion to dismiss, Defendant submitted the affidavit of Sergeant Susan Fisher (Fisher Aff., Ex. 1, Doc. # 6).  Fisher asserts that she has searched Plaintiff's file for records of grievances and that Plaintiff filed one grievance while incarcerated in the Maricopa County Jail System, but that the grievance related to when Plaintiff would be

1 released from custody (id. at ¶ 8). Moreover, Fisher asserts that Plaintiff failed to exhaust
2 his sole grievance to the External Appeal level.

3 Plaintiff responded to Defendant's motion on April 23, 2007 (Doc. # 9). But Plaintiff
4 did not address Defendant's claim that he failed to exhaust his administrative remedies before
5 filing suit. Plaintiff filed another pleading on May 3, 2007 that did not at all relate to
6 Defendant's motion; instead, that pleading sought to attach the personal property of
7 Defendant as part of a prejudgment lien (Doc. # 11). Finally, Plaintiff filed a supplemental
8 response to Defendant's motion on June 1, 2007. That response, however, similarly failed
9 to respond to the allegation of non-exhaustion. Rather, the response presents allegations of
10 mistreatment in the Maricopa County Jails by Defendant Arpaio.

11 Notwithstanding Plaintiff's immaterial responses to Defendant's motion, Plaintiff
12 averred in his verified Complaint that he was told his claims were not grievable issues (Doc.
13 # 1 at 4-6). Based on those averments, Plaintiff seems to argue there were no "available
14 remedies" to him and therefore he was not required to exhaust his administrative remedies.
15 While it is true that an inmate Plaintiff must only exhaust available remedies, Plaintiff's
16 argument still fails for at least two reasons. First, Plaintiff has not specifically named *any*
17 of the officers who told him his issues were not grievable nor has he described with any
18 degree of specificity what transpired to prevent him from filing grievances. Second,
19 Plaintiff's argument is belied by the fact that he was successful in utilizing the grievance
20 process at least one other time.

21 In light of Plaintiff's generalized allegation that detention officers told him that his
22 issues were not grievable, Defendant's evidence that a grievance process existed at the jail
23 for any issue, and the fact that Plaintiff was able to utilize the grievance process for another
24 issue, Defendant has demonstrated that Plaintiff failed to exhaust available remedies with
25 respect to overcrowding, unsanitary conditions, and insufficient and spoiled meals.[1]

26

27  [1] Defendant's motion also sought dismissal of Plaintiff's Complaint for failure to allege a
physical injury as required by 42 U.S.C. § 1997e(e). Defendant also argued that Plaintiff is not
28 entitled to punitive damages against Arpaio in his official capacity (Doc. # 6 at 5-8). But because
the Court is dismissing Plaintiff's Complaint for failure to exhaust, it need not reach Defendant's

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 6) is **granted**, and Plaintiff's action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that all pending motions are denied as moot and the Clerk shall terminate this action.

DATED this 7th day of June, 2007.

Stephen M. McNamee
United States District Judge

---

other contentions.